IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PAUL JANSEN,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.

Case No. 3:23-CV-1346-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Paul Jansen. (Doc. 1). For the reasons set forth below, the Court sets this matter for an evidentiary hearing as to one of Jansen's four grounds for relief.

### BACKGROUND

### I.    Underlying Criminal Case

In late October and early November 2017, Paul Jansen was 22. Case No. 20-CR-30067-NJR at Doc. 50, ¶ 1 (Stipulation of Facts). S.G., on the other hand, was 14. *Id.* Jansen knew this. *Id.* The knowledge that she was underage did not dissuade Jansen, who reached out to S.G. via Facebook Messenger to convince her to engage in sexual activity with him. *Id.* While his efforts were in vain, he did manage to persuade her to meet with him twice—once at a public library, and once at a Pizza Hut. *Id.*

Undeterred, Jansen would later try again with someone else. *Id.* ¶ 2. A little over a year later, Jansen (now 23) set his sights on E.H., another 14-year-old. *Id.* Though he was

Page 1 of 12

(again) aware of her age, Jansen messaged E.H. over Snapchat and Instagram, suggesting they meet in person to engage in sexual activity. *Id.* This time, he was successful. *Id.* On multiple occasions, Jansen and E.H. met in secret at a high school parking lot. *Id.* There, as Jansen admitted to law enforcement, he and E.H. engaged in various sexual acts. *Id.* ¶¶ 2, 4.

In 2020, Jansen was indicted with two counts: Attempted Enticement of a Minor and Enticement of a Minor. Case No. 20-CR-30067-NJR at Doc. 1. He retained Attorney Benedict Song as defense counsel. Case No. 20-CR-30067-NJR at Doc. 26.

Mr. Song attempted to negotiate a plea bargain with the government. (*See* Docs. 7-1, 7-2, 7-3, 7-4). He emailed attorneys for the government with a proposal: Jansen would plead guilty in exchange for a recommendation of the statutory minimum of 120 months. (Doc. 7-1). The government did not find this reasonable, because its calculations yielded a sentencing range of 151–188 months under the United States Sentencing Guidelines. *Id.*; *see also* Case No. 20-CR-30067-NJR at Doc. 43 (Government's Notice of Elements of the Offense, Statutory Penalties and Advisory Guideline Range). The government therefore counteroffered: in exchange for a guilty plea, an appeal and collateral rights waiver, and a 10-year term of supervised release, it would recommend a sentence of 151 months. (Doc. 7-2). Mr. Song asked if Jansen's charge could be amended to an offense without the 120-month statutory minimum (Doc. 7-3), but the government only reiterated its 151-month counteroffer (Doc. 7-4).

Jansen ultimately pleaded guilty without a written plea agreement. Case No. 20-CR-30067-NJR at Doc. 49. He signed a stipulation of facts acknowledging the government could prove conduct establishing the elements of the charges against him. Case No. 20-CR-30067-

NJR at Doc. 50. At his change of plea hearing, Jansen acknowledged that the statutory maximum penalty for the offense was life imprisonment. (Doc. 7-6, at 14). He affirmed that Mr. Song had discussed how the guidelines might apply to him, but that no one had made any prediction or promise to him about what his sentence would be. *Id.* at 16–17. When the Court advised him that his guidelines range might be higher or lower than the government had predicted in its notice, he acknowledged that he understood. *Id.* at 17–18. And he acknowledged that he would not be able to withdraw a guilty plea if the Court's sentence fell outside the advisory guidelines range. *Id.* at 17–19.

After pleading guilty, United States Probation prepared and filed Jansen's Presentence Investigation Report (PSR). Case No. 20-CR-30067-NJR at Doc. 58 (Revised PSR). The guidelines range in the PSR was higher than the government had predicted in its notice. *Compare id.* ¶ 95 ("Based on a total offense level of 36 and a criminal history category of I, the guideline imprisonment range is 188 to 235 months."), *with* Case No. 20-CR-30067-NJR at Doc. 43, at 3 ("An offense level [of] 34, Criminal History Category I, equates with an advisory guideline range of 151-188 months . . . ."). However, the government accurately predicted that the PSR would include a five-point enhancement under § 4B1.5(b)(1) of the United States Sentencing Commission's then-operant 2021 Guidelines Manual (U.S.S.G § 4B1.5(b)(1)). Case No. 20-CR-30067-NJR at Doc. 43, at 3; Case No. 20-CR-30067-NJR at Doc. 58, ¶ 45.

Section 4B1.5 provides for enhancements for "[r]epeat and [d]angerous" sex offenders against minors. U.S.S.G. § 4B1.5. While § 4B1.5(a) applies to defendants who already have "at least one sex offense conviction," this was Jansen's first. Consequently, United States Probation applied § 4B1.5(b), which covers:

any case in which the defendant's instant offense of conviction is a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline applies, and the defendant engaged in a pattern of activity involving prohibited sexual conduct.

*Id.* § 4B1.5(b). Mr. Song did not file an objection to this enhancement, nor did he argue against it at sentencing. (*See* Doc. 7-8, at 4, 17–22).

Ultimately, the Court sentenced Jansen to a term of imprisonment at the low end of the PSR's advisory guideline range: 188 months. *E.g.*, Case No. 20-CR-30067-NJR at Doc. 62 (Judgment). Jansen timely appealed. Case No. 20-CR-30067-NJR at Doc. 64. While on appeal, Mr. Song withdrew from representing Jansen, citing his lack of federal appellate experience. Motion to Withdraw, *United States v. Jansen*, No. 22-1323 (7th Cir. 2022), Dkt. No. 8; Order, *Jansen*, No. 22-1323, Dkt. No. 18.

On appeal, Jansen was instead represented by Attorney Daniel Hillis. *See* Appearance & Circuit Rule 26.1 Disclosure Statement, *Jansen*, No. 22-1323, Dkt. No. 19. Mr. Hillis later moved to dismiss the appeal with prejudice, with Jansen's consent. (Doc. 7-9). The Seventh Circuit granted the motion and dismissed the appeal. Final Order, *Jansen*, No. 22-1323, Dkt. No. 22. A subsequent *pro se* appeal by Jansen was dismissed as untimely. Order, *United States v. Jansen*, No. 23-1106 (7th Cir. 2023), Dkt. No. 10.

## II.    § 2255 Petition

Jansen filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on April 25, 2023. (Doc. 1). The Government filed a timely response on May 17, 2023 (Doc. 7). Jansen did not file a reply brief despite seeking and receiving multiple extensions of the deadline to do so. (*See* Docs. 13–20).

In his petition, Jansen asks the Court to vacate, set aside, or correct his sentence

because his defense attorneys were constitutionally ineffective during plea negotiations, sentencing, and appeal. Specifically, Jansen claims (1) that Mr. Song did not tell him he would receive the five-point sentencing enhancement under U.S.S.G § 4B1.5; (2) that Mr. Song did not object to the § 4B1.5 enhancement; (3) that his appellate counsel failed to appeal the sentencing enhancement despite being asked; and (4) that Mr. Song failed to negotiate a plea deal or tell him it was a possibility.

## LEGAL STANDARD

Title 28, Section 2255 of the United States Code requires a court to vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255 (2008). Habeas corpus relief under § 2255 is reserved for extraordinary situations. *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993); *see also Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013). A petitioner can meet the threshold requirement of an extraordinary situation by demonstrating an "error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake*, 723 F.3d at 878-79 (citations omitted). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States,* 467 F.3d 1063, 1068 (7th Cir. 2006)).

### *Evidentiary Hearing*

An evidentiary hearing for a 28 U.S.C. § 2255 motion is only required when "the petitioner alleges facts that, if proven, would entitle him to relief." *Kafo v. United States*, 467 F. 3d 1063, 1067 (7th Cir. 2006). A hearing "is not required if the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief." *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001) (citation omitted). For evidentiary hearing consideration, the Seventh Circuit requires a petition made pursuant to 28 U.S.C. § 2255 to "include an affidavit setting forth the specific basis for relief." *Kafo*, 467 F.3d at 1067. An affidavit accompanying the petition is a threshold requirement; "its absence precludes the necessity of a hearing." *Id.* The specific allegations in the petition and accompanying affidavit must go beyond merely unsupported assertions, as "[m]ere unsupported allegations cannot sustain a petitioner's request for a hearing." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996).

As discussed below, the Court finds that an evidentiary hearing is required on one of Jansen's four asserted grounds for relief.

### *Ineffective Assistance of Counsel*

A claim of ineffective assistance of counsel is properly raised in a § 2255 motion because it implicates the Sixth Amendment, which provides criminal defendants the right to counsel. U.S. CONST. amend. VI. Generally speaking, counsel is ineffective when his or her conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686 (1984). The Seventh Circuit has explained that ineffective assistance claims are "best addressed through a motion in collateral proceeding pursuant to § 2255 because the trial record is not developed precisely for the object of litigating or preserving the claim." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) (quotation and citation omitted).

"To demonstrate that the right to counsel was violated by ineffective assistance, a person challenging a conviction must meet the familiar two-part standard set forth in

*Strickland.*" *McElvaney v. Pollard*, 735 F.3d 528, 532 (7th Cir. 2013) (citing *Strickland*, 466 U.S. at 688). The petitioner must first show that counsel's performance was deficient, "meaning it fell below an 'objective standard of reasonableness' informed by 'prevailing professional norms.'" *Id.* (quoting *Strickland*, 466 U.S. at 688); *see also Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011) ("The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom.") (quoting *Harrington v. Richter*, 562 U.S. 86, 88 (2011)). To make this showing, Jansen "must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance" for the Court to "determine whether such acts or omissions fall outside the wide range of professionally competent assistance." *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009) (citing *Coleman v. United States*, 318 F.3d 754, 758 (7th Cir. 2003)).

Second, a petitioner also must show that "counsel's deficient performance prejudiced him, meaning that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McElvaney*, 735 F.3d at 532 (quoting *Strickland*, 466 U.S. at 688).

To establish prejudice in the context of a petitioner's plea, he must show that, but for the ineffective assistance of his counsel, "there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 566 U.S. 156, 164 (2012).

To establish prejudice in challenging his sentence, a petitioner "must show that but for counsel's errors, there is a reasonable probability that he would have received a different sentence." *Griffin v. Pierce*, 622 F.3d 831, 844 (7th Cir. 2010) (citing *Strickland,* 466 U.S. at 695). As before, "[a] reasonable probability is a probability sufficient to undermine confidence" in the sentence, *Taylor v. Bradley*, 448 F.3d 942, 950 (7th Cir. 2006), not merely that the errors possibly had "some conceivable effect." *Strickland*, 466 U.S. at 694.

The Court may address the elements of the *Strickland* test "in whichever order is most expedient." *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009); *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). A petitioner's "failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) (citing *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990)).

## DISCUSSION

Jansen makes four allegations of deficient performance by his counsel. The first—that Mr. Song did not tell him he would get the § 4B1.5 sentencing enhancement—can be dispensed with quickly. Jansen does not explain how this prejudiced him. He does not claim he would have gone to trial or refused to plead guilty if he had known the five-point enhancement might have applied to him. Without any showing of prejudice, this claim fails under *Strickland*.

Jansen's second and third allegations of deficient performance both turn on the merits of the § 4B1.5(b)(1) enhancement. He believes the enhancement should not have applied to him, as he "ha[d] no prior offenses that show a pattern." (Doc. 1, at 4). Because the enhancement is inapplicable, Jansen claims his attorneys' performance was

Page 8 of 12

unconstitutionally deficient (1) when Mr. Song failed to object to the enhancement at sentencing, and (2) when neither Mr. Song nor Mr. Hillis challenged the enhancement on appeal.

But Jansen is wrong. The sentencing enhancement under § 4B1.5(b) does apply to him. The enhancement does not require a *pattern of prior offenses*—only a "*pattern of activity involving prohibited sexual conduct.*" U.S.S.G. § 4B1.5(b) (emphasis added). As the application notes to the 2021 Guidelines explain:

> [T]he defendant engaged in a pattern of activity involving prohibited sexual conduct if <u>on at least two separate occasions</u>, the defendant engaged in prohibited sexual conduct with a minor.

*Id.* § 4B1.5 cmt. n.4 (emphasis added). Moreover, "[a]n occasion of prohibited sexual conduct may be considered" regardless of "whether the occasion (I) occurred during the course of the instant offense, or (II) resulted in a conviction for the conduct that occurred on that occasion." *Id.*

Because the enhancement only requires two or more separate occasions of prohibited sexual conduct with a minor, any objection would have been meritless. Jansen himself stipulated to two or more such occasions: he signed an agreement admitting the government could prove he and E.H. had had "several secret face-to-face meetings" where they "would engage in sexual activity."[1] Case No. 20-CR-30067-NJR at Doc. 50, ¶ 2. This admission alone satisfies the requirements of § 4B1.5(b). In other words, the argument he claims counsel was deficient for failing to make was meritless[2]—a conclusion buttressed by binding precedent in

---

[1] Jansen also affirmed at his change of plea hearing that "everything in [the] [s]tipulation of [f]acts could be proven beyond a reasonable doubt." (Doc. 7-6, at 20).

[2] Jansen's challenge asserts a lack of any "prior offenses" (which the Court reads to mean convictions for conduct other than that which formed the basis for his conviction) forming a pattern. He does not appear to argue that the conduct for which he was convicted did not constitute "prohibited sexual conduct" within the meaning of

this circuit. *See United States v. Norwood*, 982 F.3d 1032, 1058–60 (7th Cir. 2020).

Accordingly, Jansen's second and third claims of deficient performance fail, as "[c]ounsel is not ineffective for failing to raise meritless claims." *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013) (citations omitted); *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.").

Jansen's fourth claim is a different matter. He alleges that Mr. Song "failed to negotiate a plea deal for [him] or tell [him] that was a possibility" (Doc. 1, at 4). As above, Jansen does not explain how this prejudiced him, which would ordinarily be fatal. But here, the government provided evidence that it had, in fact, conveyed a plea offer to Mr. Song. (Docs. 7-2, 7-4). Its offer was for a sentence of 151 months, *id.*, which was at the low end of the guidelines range *as the government calculated it* (Doc. 7-5, at 2-3). Although the Court imposed a sentence at the low end of the guidelines range, the calculation had changed. Ultimately, Jansen was sentenced to 188 months—37 months more than the government had offered. Case No. 18-CR-30141-NJR at Doc. 60.

Jansen's petition, which was sworn under penalty of perjury (Doc. 1, at 12), alleges he

---

§ 4B1.5(b). However, to the extent Jansen raise such an argument, it is also meritless. As application note 4 makes clear, "prohibited sexual conduct" is defined with reference to "any offense described in" 18 U.S.C. § 2426(b)(1)(A)–(B). U.S.S.G. § 4B1.5 cmt. n.4; *see also United States v. Norwood*, 982 F.3d 1032, 1059 (7th Cir. 2020). That statute, in turn, describes offenses (and conduct that would constitute an offense but for the lack of federal jurisdiction) under, *inter alia*, Chapter 109A of Title 18 of the United States Code. 18 U.S.C. § 2426(b)(1)(A). "A person violates 18 U.S.C. § 2243, which is in Chapter 109A, when there is a basis for federal jurisdiction and he or she 'knowingly engages in a sexual act with another person who (1) has attained the age of 12 years but has not attained the age of 16 years; and (2) is at least four years younger than the person so engaging.'" *Norwood*, 982 F.3d at 1059 (quoting 18 U.S.C. § 2243). Jansen stipulated to having engaged in "sexual activities" on multiple occasions with E.H., who was 14 at the time, while he was 23. Case No. 20-CR-30067-NJR at Doc. 50, ¶ 2. In other words, Jansen stipulated to having committed "prohibited sexual conduct" within the meaning of § 4B1.5(b). Thus, even if his argument had turned on the nature of his conduct rather than whether he had any "prior offenses," it would fail.

was not told plea bargaining was an option. If true, that necessarily means that Mr. Song did not tell him of the government's 151-month offer. Under the Supreme Court's decision in *Missouri v. Frye*, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 566 U.S. 134, 145 (2012). In other words, if what Jansen says is true, Mr. Song's performance might have been deficient.

The government argues that Jansen cannot show prejudice because he "eventually received the very sentence [it] proposed in its counteroffer." (Doc. 7, at 24). Not so—the government offered 151 months. Jansen was sentenced to 188 months. Again, that is a difference of 37 months, and "[a]ny amount of [additional] jail time has Sixth Amendment significance." *Frye*, 566 U.S. at 147 (second alteration in original) (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)). Though the government argues Jansen cannot show he would have accepted this plea deal (and thus cannot demonstrate prejudice), Jansen *appears* to have never known the plea deal existed in the first place. How could he have alleged prejudice from not being presented with a plea offer if he was unaware the offer existed?

## CONCLUSION

The only relevant evidence in the record consists of (1) a sworn allegation that Jansen was never told about a plea bargaining option, (2) emails showing that Mr. Song received a plea offer, and (3) the observable fact that Jansen's ultimate sentence was higher than that plea offer. This evidence is not sufficient to determine whether Jansen's rights were violated, and Jansen has alleged facts in his sworn petition which, if proven, might entitle him to relief.

Accordingly, the Court finds it necessary to hold an evidentiary hearing. The hearing, which will be set by separate order, will be limited to the question of whether Mr. Song

provided ineffective assistance of counsel during the plea negotiation process.

**IT IS SO ORDERED.**

**DATED:  March 30, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**